J-S62012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTOINE SAUNDERS | : | |
| | : | |
| Appellant | : | No. 34 EDA 2018 |

Appeal from the PCRA Order December 12, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1000272-1994

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED NOVEMBER 02, 2018**

Antoine Saunders appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After our review, we affirm.

On March 13, 1996, Saunders entered a guilty plea to first-degree murder,[1] and the court sentenced him to life imprisonment.  On September 9, 2016, Saunders filed his first PCRA petition.  The PCRA court appointed counsel for Saunders, who filed a **Turner/Finley**[2] no-merit letter. The court filed a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, and on October 12, 2017, Saunders filed a response.  On December 12, 2017, the PCRA court

---

[1] 18 Pa.C.S.A. § 2505(a).

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

dismissed Saunders' petition as untimely. Saunders filed a *pro se* appeal, and, on May 4, 2018, this Court remanded the case for disposition of counsel's motion to withdraw. On May 16, 2018, the PCRA court granted counsel's petition to withdraw.

Saunders raises eight issues on appeal. We have adopted the trial court's paraphrased recitation of the issues for the sake of clarity:

1. [Section 9711 of the Sentencing Code] is unconstitutionally overbroad.

2. The trial court abused its discretion when it presumed that it had the authorization to find Appellant guilty of first-degree murder.

3. The Commonwealth committed prosecutorial misconduct when they impermissibly brought bills of information against Appellant, charging him with first-degree murder, third-degree murder and voluntary manslaughter.

4. Trial counsel was ineffective for advising Appellant to enter into a guilty plea to an open charge of first-degree murder.

5. Whether a conviction that rests on the abuse of trial court discretion, judicial misconduct, deliberate prosecutorial misconduct and ineffective assistance of counsel are time -barred under 42 Pa.C.S. § 9545(b)(1)(i-iii).

6. Whether the trial court abused its discretion when it failed to adequately inform Appellant of his right to a jury trial.

7. Whether Appellant's guilty plea was involuntary.

8. Whether his sentence of life imprisonment is constitutional.

PCRA Court Opinion, 4/18/18, at 2.

Before addressing the merits of Saunders' claims, this Court must examine whether we have jurisdiction to entertain the underlying PCRA petition. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). "Our

standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003) (en banc) (citation omitted).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, Saunders' judgment of sentence became final on April 17, 1996, when the time allowed for direct appeal had expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, Saunders had one year, until April 17, 1997, to file any and all PCRA petitions. The instant petition, filed on September 9, 2016, is manifestly untimely and cannot be reviewed unless Saunders invokes an exception to the PCRA time bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Saunders' petition is untimely and he failed to plead or prove any exception; therefore, his petition was properly denied. Accordingly, the PCRA court lacked jurisdiction to consider his petition. ***See Fahy***, 737 A.2d at 223. Having discerned no error of law, we affirm the order below. ***See Wilson***, 824 A.2d at 333.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/2/18